IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Clinton J. FINNEGAN, Attorney at Law.

Supreme Court

*No. 84–118–D. Filed August 28, 1984.*
(Also reported in 353 N.W.2d 362.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Clinton J. Finnegan be publicly reprimanded for unprofessional conduct consisting of misrepresenting his status as attorney for an estate, obtaining assets of that estate and failing to deposit them in an appropriate account, and neglecting to complete the probate of the estate, as he had undertaken to do. The referee also recommended that Attorney Finnegan be required to pay the costs of the disciplinary proceeding. We agree with the referee that, under the circumstances present here, a public reprimand is appropriate discipline for Attorney Finnegan's unprofessional conduct.

The respondent was admitted to practice law in Wisconsin in 1952 and practices in Milwaukee. This disciplinary matter came before the referee, Attorney Rudolph P. Regez, on a stipulation between the respondent and the Board of Attorneys Professional Responsibility (Board) by the terms of which the respondent admitted to having held himself out as personal representative and attorney for the estate of a decedent whose will the respondent had prepared. By virtue of that misrepresentation, the respondent obtained assets belonging to the estate and informed the decedent's brother that he was acting as attorney for the estate. Between 1979 and 1983, the respondent obtained control of more than $23,000 belonging to the estate but failed to deposit the funds in any identifiable bank account.

The brother wrote to the respondent six times requesting a copy of his sister's will, as well as prompt action to close the estate, to which the respondent replied that he would "move rapidly" to complete the probate of the estate, although he did not send a copy of the will to the brother. The respondent never filed a petition for the probate of the estate, was never appointed personal representative in the estate and was never selected by the personal representative to act as attorney for the estate. The respondent's conduct in this matter violated SCR 20.04(1), 20.04(4), 20.32(3) and 20.50, and the respondent and the Board stipulated that a public reprimand would constitute appropriate discipline.

After reviewing the referee's report and recommendation, the court ordered the parties to file briefs on the question of the appropriateness of a public reprimand as discipline for the respondent's misconduct. The Board's brief disclosed facts which did not appear of record in the disciplinary proceeding, and on the basis of those facts, we conclude that a public reprimand is appropriate discipline in this case. Attorney Finnegan

did not, nor did he seek to, profit from his actions concerning the probate of the estate; he neither used nor appropriated any funds belonging to the estate. When an attorney was retained to represent the estate, the respondent turned over all records and estate assets to that attorney. Also, this is the first time Attorney Finnegan has been the subject of a disciplinary proceeding, and he fully cooperated with the Board in its investigation and prosecution of the matter. The Board stated that Attorney Finnegan is remorseful for his conduct in the matter.

IT IS ORDERED that Attorney Clinton J. Finnegan is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Clinton J. Finnegan pay to the Board of Attorneys Professional Responsibility the costs of this proceeding in the amount of $756.80, provided that if the costs are not paid within the time specified, the license of Clinton J. Finnegan to practice law in Wisconsin shall be suspended until further order of the court.